UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21309-CIV-COOK/BROWN

CHARLES SIBLEY,

    Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    Defendants.
_____/

## **OMNIBUS ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR PROTECTIVE ORDER/INJUNCTION**

**THIS CAUSE** is before the Court upon Plaintiff's Emergency Motions for Protective Order/Injunction (DEs 8, 13, & 15), filed June 11, 2007, July 27, 2007, and July 31, 2007 respectively.  The Court having reviewed the Motions and being otherwise fully advised in the premises finds that the Motions should be **denied**.

In his Motions, Plaintiff requests that this Court issue an emergency order maintaining the status quo.  However, Plaintiff, a licensed attorney, has failed to carry his burden in this regard.  Moreover, Plaintiff's work product has been mediocre at best.  For instance, in his Motions, Plaintiff did not cite to **one** case to support his requests for emergency or injunctive relief.  Thus, Plaintiff's Motions utterly fail to comply with this Court's Local Rules and are devoid of legal bases.  See S.D. Fla. L.R. 7.1.

Furthermore, it is unclear what relief Plaintiff is seeking.  In his Motions, Plaintiff makes a "laundry list" of the various clients he has represented over the years.  Additionally, Plaintiff discusses the alleged negative treatment which some his clients' immigration applications have

received from the United States Citizenship and Immigration Services ("USCIS").  But it remains unclear as to whether Plaintiff is attempting to seek injunctive relief on behalf of his clients or whether he seeks injunctive relief for another separate purpose which the Court has yet to discern.  If, however, Plaintiff seeks injunctive relief with regard to his clients' applications the Motions lack the necessary legal bases to justify this Court's exercise of jurisdiction over those cases as Plaintiff failed to cite any authority to support this Court's exercise of jurisdiction over his clients' pending immigration matters.  Moreover, it appears that in several of the cases the USCIS has yet to issue final orders.  See Plaintiff's Exhibits.  Instead, it seems that the agency has simply requested that Plaintiff provide additional evidence to support his clients' various applications.  Id.  Thus, it is doubtful that this Court would even have jurisdiction to intervene in those cases at this point.[1]  Therefore, the Court will not endeavor to exercise jurisdiction over these tenuous cases.

     Finally, the Court advises Plaintiff to discontinue the practice of filing motions as "emergencies" when they are not in fact genuine emergencies.  The Court has previously warned Plaintiff to refrain from the filing of frivolous "emergency" Motions.  See Case No. 05-22177 [DE 33].  It appears, however, that Plaintiff failed to heed that warning.  Therefore, Plaintiff is once again advised that he is not entitled to label each motion as an emergency simply to garner this Court's attention and gain expedited review.  Plaintiff is forewarned that the Court will not

---

[1] The United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted).  Thus, where the U.S. Government does not consent to suit, federal courts lack jurisdiction.  The Administrative Procedure Act ("APA") serves as waiver of sovereign immunity with regard to specific suits against the U.S. Government and its employees.  See 5 U.S.C. § 702.  Nevertheless, the APA does not give federal courts unfettered authority over federal agencies.  Thus, pursuant to the APA judicial review is limited to final agency decisions.  See 5 U.S.C. § 704.

hesitate to issue appropriate sanctions (including sanctions under Rule 11 of the Federal Rules of Civil Procedure) should Plaintiff misuse the "emergency" filing procedure in the future. Additionally, Plaintiff is advised that the Court will strike any motions which fail to fully comply with this Court's Local Rules. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency Motions for Protective Order/Injunction is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of August, 2007.

MARCIA G. COOKE
United States District Judge

Copies furnished to:

All Counsel of Record